IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

NEEM KAROLI BABA ASHRAM, INC., a
New Mexico nonprofit corporation,

        Plaintiff,

v.                                                No. CIV 09-474 BB/GBW

TOWN OF TAOS, a New Mexico municipal
corporation, and RUDY ABEYTA, AMY
QUINTANA, EUGENE SANCHEZ, and
MICHAEL SILVA, Town Councilors,

        Defendants.

## MEMORANDUM OPINION
## IN SUPPORT OF
## ORDER GRANTING IN PART MOTION TO DISMISS

**DEFENDANTS**, Town of Taos, Rudy Abeyta, Amy Quintana, Eugene Sanchez, and Michael Silva (collectively, the "Defendants"), move, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), to dismiss all claims of Plaintiff, Neem Karoli Baba Ashram, Inc., on the grounds Plaintiff has failed to state a claim upon which relief may be granted and/or this Court lacks subject matter jurisdiction. Having considered the briefs of counsel,[1] the Court finds Plaintiff's Second Claim for Relief under the

---

[1] Generally, a district court may not consider any materials other than the allegations of the complaint in deciding a motion to dismiss; if the court does consider matters outside the pleadings, the motion to dismiss must be converted into a motion for summary judgment. *Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253 (10th Cir. 2005). In such a circumstance, the court must provide the parties with notice so that each party has an opportunity to submit evidence concerning the issue. *See Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 713 (10th Cir. 2005). In this case, for example, Plaintiff has submitted certain evidentiary materials for the Court's

**Religious Land Use and Institutionalized Persons Act ("RLUIPA") cannot be supported by law and the motion will be Granted. As to all other claims, the Motion will be Denied.**

*Legal Standard*

**In deciding a motion to dismiss, the Court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to Plaintiff.** *See Pace v. Swerdlow*, **519 F.3d 1067, 1071 (10th Cir. 2008). The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.** *See id.* **The Court's function on a Rule 12(b)(6) motion "is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief might be granted."** *Tal v. Hogan*, **453 F.3d 1244, 1252 (10th Cir. 2006) (quoting** *Sutton v. Utah State Sch. for Deaf & Blind*, **173 F.3d 1226, 1236 (10th Cir. 1999). A claim is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief,"** *Ledbetter v. City of Topeka*, **318 F.3d 1183, 1197 (10th Cir. 2003), or when an issue of law is dispositive.** *Neitzke v. Williams*, **490 U.S. 319, 326 (1989). Thus, dismissal of a claim is appropriate when a plaintiff does not,**

---

consideration. The Court has not considered the contents of these materials in deciding the merits of the motion to dismiss. Therefore, it is not necessary to convert the motion to a motion for summary judgment.

and cannot, assert all of the allegations necessary to illustrate a violation of a statute. *Gregory v. United States Bankruptcy Court*, 942 F.2d 1498, 1500 (10th Cir. 1991).

The Court will apply these standards in considering Defendants' motion.

*Plaintiff's RLUIPA claim*

Plaintiff claims Defendants violated its members' right to the free exercise of their religion under RLUIPA, 42 U.S.C. § 2000cc(a)(1), when it denied Plaintiff's petition for the Town of Taos to annex Plaintiff's land. Specifically, Plaintiff claims that by denying the petition for annexation, the Town Council's Decision and Order imposed a substantial burden and undue burden on Plaintiff's free exercise of religion in the absence of a compelling interest in violation of RLUIPA. The land use provision of RLUIPA prohibits discrimination and exclusion:

> (1) Equal terms. No government shall impose or implement <u>a land use regulation</u> in a manner that treats a religious assembly or institution on less equal terms with a nonreligious assembly or institution.
> (2) Nondiscrimination. No government shall impose or <u>implement a land use regulation</u> that discriminates against any assembly or institution on the basis of religion or religious denomination.
> (3) Exclusions and limits. No government shall <u>impose or implement a land use regulation</u> that –
>     (A) totally excludes religious assemblies from a jurisdiction; or
>     (B) unreasonably limits religious assemblies, institutions, or structures within a jurisdiction.

42 U.S.C. § 2000cc(a)(1) (emphasis added).

The Act does not prevent local governments from imposing reasonable nondiscriminatory land use regulations on religious properties. *Grace United Methodist*

*Church v. City of Cheyenne*, 451 F.3d 643, 649 (10th Cir. 2006). The fact that this might be inconvenient to religious gathering is insufficient. *Id.* at 652; *see also Messiah Baptist Church v. County of Jefferson*, 859 F.2d 820, 825 (10th Cir. 1988). However, and critically, the law only applies to a "land use regulation." The critical inquiry, then, is whether the decision by the Town of Taos not to annex Plaintiff's property is a land use regulation. Under RLUIPA, a land use regulation is defined as follows:

> a zoning or landmarking law, or the application of such a law, that limits or restricts a claimant's use or development of land (including a structure affixed to land), if the claimant has an ownership, leasehold, easement, servitude, or other property interest in the regulated land or a contract or option to acquire such an interest.

*See* 42 U.S.C. § 2000cc-5(5).

On its face a decision not to annex property is not "a zoning or landmarking law." The Seventh Circuit so held on equitably stronger facts in *Vision Church v. Village of Long Grove*, 468 F.3d 975 (7th Cir. 2006). As here, the Vision Church applied for annexation of its vacant property by the Village, so that the sanctuary it was planning to build would be located within the Village of Long Grove rather than in an unincorporated portion of the county. When the Church and the Village could not agree on the conditions for approving the sanctuary, the annexation was denied. After a subsequent annexation resulted in the Church's land being surrounded on all sides by the Village, Illinois law authorized the Village by statute to annex the Church's land, and it did so. After the annexation, the Church applied for a special use permit to

construct a complex of almost 100,000 square feet. While that application was pending, the Village amended its zoning regulations to restrict the size of "public assembly" uses, including religious institutions, depending on the acreage of the parcel where the building or buildings would be located and other factors. The Village then denied the Church's permit application on the ground that it far exceeded the 55,000 square feet maximum allowed under the new zoning amendment.

The Vision Church claimed that the involuntary annexation, the conditions imposed upon the Church at annexation, and the enactment of the zoning amendment substantially burdened its religious exercise in violation of RLUIPA. The Seventh Circuit summarily rejected the involuntary annexation claim for failure to state a valid cause of action under RLUIPA, finding annexation is not a land use regulation as defined by the statute. In affirming the district court's summary judgment, the Seventh Circuit found that not only did the Village's failure to annex not substantially burden the Church's exercise of religion, RLUIPA did not even apply to annexation decisions:

> Vision's claim as it relates to involuntary annexation does not state a valid cause of action under RLUIPA § 2(a)(1). That section forbids a government agency to "impose or implement a *land use regulation* in a manner that imposes a substantial burden on the religious exercise of a person," 42 U.S.C. § 2000cc(a)(1) (emphasis added); "land use regulation," in turn, has been defined as "a zoning or landmarking law, or the application of such a law, that limits or restricts a claimant's use or development of land," 42 U.S.C. § 2000cc-5(5). "Under this definition, a government agency implements a 'land use regulation' only when it acts pursuant to a 'zoning or landmarking law' that limits the manner in which a claimant may develop or use property in which the claimant has an interest." *Prater v. City of Burnside*, 289 F.3d 417, 434 (6th Cir. 2002).

> **The process of annexation, whether voluntary under 65 ILCS 5/7-1-8 or involuntary under 64 ILCS 5/7-1-8 or involuntary under 65 ILCS 5/7-1-13, may indeed make possible the subsequent zoning or marking of the land; however, an annexation statute is not itself a "zoning" or "landmarking" regulation and its application therefore does not constitute government action covered by RLUIPA.**

**468 F.3d at 997-98. As in *Vision Church*, the refusal by the Town of Taos to annex Plaintiff's property may indeed make possible subsequent zoning or marking of the "land" but that does not turn annexation into a "land use regulation" under RLUIPA. Defendants' motion to dismiss Count II of Plaintiff's amended complaint will be Granted.**

### *Plaintiff's First Amendment Free Exercise Claim*

**Defendants argue, "The Free Exercise Clause and RLUIPA are inextricably related in a case such as this." (Defs.' Mot. Dism. p. 4). While there is substantial overlap in the substance of the Free Exercise Clause of the First Amendment and RLUIPA, the technical differences in language are procedurally critical at this juncture. Here, as discussed above, the definition of a "land use regulation" does not allow the application of RLUIPA to an annexation decision. The First Amendment, however, carries no such definitional limitation so it's substantive requirements must be considered. While the First Amendment provides absolute protection to religious thoughts and beliefs, the Free Exercise Clause does not prohibit Congress and local governments from validly regulating religious conduct; a law that is both neutral and generally applicable need only be rationally related to a legitimate governmental**

interest to survive a constitutional challenge under the Free Exercise Clause. *Grace United Methodist Church*, 451 F.3d at 649; *see also Swanson v. Guthrie Indep. Sch. Dist. No. I-L*, 135 F.3d 694, 698 (10th Cir. 1998). "On the other hand, if a law that burdens a religious practice is not neutral or generally applicable, it is subject to strict security, and the burden on religious conduct violates the Free Exercise Clause unless it is narrowly tailored to advance a compelling governmental interest." *Church of the Lukumi Babalu Aye., Inc. v. City of Hialeah*, 508 U.S. 520, 546 (1993). Merely establishing the proper standard of scrutiny, then, requires a factual record/determination as to whether the law at issue is "generally applicable." *See Axson-Flynn v. Johnson*, 356 F.3d 1277, 1294 (10th Cir. 2004). This type of fact intensive decision is not suited to a Rule 12 procedure. *American Home Assur. Co. v. Cessna Aircraft Co.*, 551 F.2d 804, 808 (10th Cir. 1977); *Tenafly Eruv Ass'n v. Borough of Tenafly*, 309 F.3d 144, 167 (3d Cir. 2002).

Defendants claim, "Plaintiff cannot prove this decision substantially burdened its exercise of religion." (Defs.' Mot. p. 7). Once again, a Rule 12 motion is not the appropriate avenue to determine what a plaintiff's proof will show. *Tal v. Hogan*, 453 F.3d at 1252 (Rule 12 not designed "to weigh potential evidence the parties might present at trial"). Plaintiff has alleged that the Town's rejection of Plaintiff's request for annexation, rezoning, planned unit development and special use permit to allow the proposed redesign and additions to its facilities, "unduly burdens its free exercise of

religion." *See* Pl.'s Compl. at ¶¶ 14 & 22. This would trigger a compelling governmental interest justifying the burden. *Jimmy Swaggert Ministries v. Board of Equalization of Calif.*, 493 U.S. 378, 384-85 (1990). It has therefore stated a claim for a violation of the Free Exercise Clause, and Defendants' Rule 12 motion must be Denied. *See Civil Liberties for Urban Believers v. City of Chicago*, 342 F.3d 752, 763 (7th Cir. 2003).

### *Due Process*

Defendants next contend, "Plaintiff cannot demonstrate annexation is a liberty or property interest to which due process attaches." (Defs.' Mot. p. 10). However, Defendants agree that "Plaintiff's due process claim is subsumed in and covered by its First Amendment claim. *Id.* Given that this Court is not ready to dismiss Plaintiff's First Amendment claim, this is not the appropriate stage to sort out the interrelation of the First and Fourteenth Amendments. *See Travis v. Park City Mun. Corp.*, 565 F.3d 1252, 1258 (10th Cir. 2009); *Weinbaum v. City of Las Cruces*, 541 F.3d 1017, 1029 (10th Cir. 2008).

### *Twombly/Iqbal*

The Supreme Court has recently reiterated that while a plaintiff does not have to provide detailed fact, the complaint must be "more than an unadorned, the defendant - unlawfully - harmed - me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A complaint will be dismissed unless it raises a plausible claim for relief

beyond the "speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's complaint meets this standard and a motion to dismiss is still a harsh remedy "which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting *Duran v. Carris*, 238 F.3d 1268, 1270 (10th Cir. 2001).

### *Conclusion*

Defendants' Motion to Dismiss should be Granted as to Plaintiff's Second Count seeking a remedy under RLUIPA; it will be Denied as to all other counts.

### O R D E R

For the above stated reasons, Defendants' Motion is GRANTED as to Plaintiff's RLUIPA claims and DENIED as to all other claims.

SO ORDERED this 13th day of November, 2009.

                                                          _____
                                                          **BRUCE D. BLACK**
                                                          **United States District Judge**